# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ESTEBAN RIVERA-LEBRON | : | NO. 21-412 |

## MEMORANDUM

**Savage, J.**                                                                           **August 29, 2023**

Defendant Esteban Rivera-Lebron was sentenced in two separate proceedings in the District of Puerto Rico in July and December 2002, respectively. Having served two years and eight months of his five-year term, Rivera-Lebron moves for early termination of his supervised release.

Rivera-Lebron previously moved for early termination of supervised release on July 27, 2022.[1] The government opposed his motion.[2] Because his motion did not include any information bearing on his rehabilitation, we denied it without prejudice. On May 25, 2023, Rivera moved in the District of Puerto Rico for early termination.[3] The court denied his motion for lack of jurisdiction because jurisdiction had been transferred to this district.[4] On May 24, 2023, Rivera-Lebron again moved for early termination of his supervised release in this court.[5]

---

[1] Mot. for Early Term. of Supervised Release, ECF No. 4.

[2] Gov't's Resp. in Opp'n To Def.'s Mot. for Early Term. of Super. Release, ECF No. 7.

[3] Mot. for Early Termination of Supervised Release, 3:00-cr-0131, ECF No. 245.

[4] Order, 3:00-cr-0131, ECF No. 246.

[5] Def.'s Pro Se Mot. to Terminate Probation, ECF No. 8 ["Mot. to Terminate"].

Rivera-Lebron has not demonstrated that he has been rehabilitated and fully integrated into the community and that the interests of justice warrant early termination. Therefore, we shall deny his request to terminate supervision.

On August 21, 2001, Rivera-Lebron pleaded guilty to a single count of conspiracy to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846.[6] On July 16, 2002, he was sentenced to 262 months imprisonment followed by five years of supervised release.[7] On July 3, 2002, he pleaded guilty to a second offense for conspiracy to distribute more than one kilogram of heroin.[8] On December 12, 2002, he was sentenced to 270 months imprisonment to be served concurrently with the prison term imposed on his other conviction. He was also sentenced to five years of supervised release, to be served concurrently with the term of supervision imposed in the other case.[9]

A court may, in its discretion, terminate a term of supervised release after one year "if termination is warranted by the defendant's conduct and is in the interest of justice." 18 U.S.C. § 3583(e). Before doing so, the court must consider the sentencing factors set forth in § 3553(a). Despite the statutory mandate that a court consider all § 3553(a) factors, the Third Circuit Court of Appeals has held that the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment is not relevant to the consideration of early termination of supervised release. *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012).

---

[6] Plea of Guilty, Aug. 21, 2001, 3:00-cr-0131.

[7] Judgment, July 16, 2002, 3:00-cr-0131, ECF No. 190.

[8] Plea of Guilty, July 3, 2002, 3:00-cr-917.

[9] Judgment, Dec. 12, 2002, #;00-cr-917, ECF No. 290. The court corrected the docket number for the corresponding concurrent sentence and concurrent term of supervised release on October, 7, 2004. Am. Judgment, Oct. 7, 2004, 3:00-cr-0917, ECF No. 357.

Supervised release is not intended to be a form of punishment. It is meant to assist the defendant integrating into the community. It is a form of rehabilitation. *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021); *Murray*, 692 F.3d at 280.

To support his request, Rivera-Lebron cites a steady job, a good relationship with his family, compliance with supervision, and continuing improvement in meeting his goals and raising his family.[10] He represents that his assigned probation officer does not oppose early termination.[11] But, his probation officer, Stephanie Lopez, has reported that because he was previously classified as a career offender with some violence, the Probation Office opposes his early termination as a matter of policy.

Rivera-Lebron has not shown that he has been rehabilitated or that other circumstances warrant early termination in the interest of justice. We commend him for his job stability and commitment to his family, but that is not enough to justify early termination. Therefore, we shall deny his motion for early termination of supervised release.

---

[10] Mot. to Terminate ¶ 5.

[11] *Id.* ¶ 6.